[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, whose maiden name was Barbara Ciaburri, and the plaintiff were intermarried at Middletown, Connecticut on February 14, 1959. One of the parties, for at least twelve months preceding the filing of the complaint herein, has been a resident of this state. The plaintiff and the defendant have no minor children issue of their marriage and no other minor children have been born to the defendant since the date of the marriage. Neither the State of Connecticut nor a town thereof is contributing to the support and maintenance of either party hereto.
The plaintiff's complaint seeks a dissolution of the marriage and equitable division of the marital property. The defendant has filed a cross complaint in which he seeks similar marital orders but seeks relief in the form of a judgment of legal separation.
Based upon the relevant, credible and admissible evidence and with reference to the requirements and parameters of Conn. Gen. Stat. § 46b-81 82, regarding alimony and the assignment of property, the court makes the following findings of fact, conclusions of law and orders herein:
This marriage has ceased its existence. The plaintiff declined to identify specific conduct on his wife's part. She does not know why, except that her concept is that he hates her. That they have grown apart over the years is evident. Approximately twelve years ago they separated, contemplated dissolution and divided their property equally — that is 50% to each. They thereafter resumed living together until their most recent separation.
This marriage has irretrievably broken down and the court enters a decree dissolving the marriage. There appears to this court to be no equitable or legal basis to continue this marriage in existence pro forma only, and therefore declines to decree a legal separation.
There are no minor children of the marriage, although an adult son and the adult husbands of the two daughters of the marriage work in the plaintiff's business, Harper Surface CT Page 15397 Finishing Systems, Inc. (herein after referred to as Harper), and they along with the plaintiff draw substantial income from such employment. The plaintiff has been so employed since 1959 and over the years acquired ownership of Harper as the surviving corporation of an earlier operation that is now defunct. The plaintiff is CEO of Harper. It was acquired by him for approximately $670,000.00, with no cash being put in, along with some coworkers, and said acquisition was fully funded by the then-large bank creditor as a bailout operation from the former corporate entity that had become financially defunct.
There was substantial contention amongst the parties as to the value of Harper. The plaintiff's testimony and evidence offered through the accountant for the corporation is that his interest in Harper is in fact a liability. Harper is a manufacturer of finishing buffer machines and provides such services under contract with various entities. At present similar manufacturers in the Far East produce similar machine products but at about 1/3 of the cost, thus making Harper very non-competitive in the world market.
About two years ago Harper had a most advantageous contract with Alcoa that produced large windfall profits for the corporation; but said contract is now terminated and there is nothing in the evidence that would permit the court to conclude that there will be similar, advantageous contracts available to Harper in the foreseeable future.
In addition, there exists, in form, a corporation in Ohio known as Bestway. This corporation is wholly owned by Harper and the evidence produces no factual foundation upon which this court conclude that Bestway has any ascertainable value.
The defendant presented information through an accountant that the value of Harper is one million dollars. The accountant utilized an income approach to the evaluation and capitalized its presumed income for the corporation. The conclusions in this report are based upon assumptions and assumed incomes that are unrealistic. As between two competing positions of the accountants who testified in this case, the court finds that the credible evidences to evaluation was produced by the plaintiff's accountant along with the plaintiff's testimony as to the history and the future potential of Harper and accordingly this court concludes that Harper at present has questionable market value for the sale of its stock. Harper continues to run and earn CT Page 15398 current income through the efforts of the plaintiff as assisted by some of his former co-entrepreneurs on a month to month basis, or, a quarter to quarter basis and continues at least presently to provide income to them, but, the evidence does not support a conclusion by the court that this company has any appreciating net equity of ownership.
Nothing that the parties had formerly adopted an equal distribution of their marital assets when they previously separated and the evidence of the case herein lacking a foundation for this court to conclude that one or the other of them is principally at fault for the breakup of this marriage, the court concludes that an equitable distribution of the marital assets would be an even distribution with the exception of the stock in Harper.
Accordingly, it is ordered that the plaintiff cause shares 45% of his ownership of his shares in Harper and any subsidiary operations to be reissued in the name of the defendant. This division is less than 50% for the reason of the court concludes that the interest of the parties would be best served if the plaintiff retains the ability to control the operation of Harper, produce current income for himself and his children and maintain himself in a position of being able to make monthly alimony payments to his wife on conditions as here and after set forth. As a condition of said transfer, the defendant, Barbara Barone shall comply with current financing requirements that she become a personal guarantor on outstanding notes.
All the right title and interests in and to the premises at 185 Barbara Road, Middletown, Connecticut, is set over to the defendant to be hers absolutely, it having a value of approximately $111,000.00. She shall retain ownership of all personal furnishings at said premises with the exception of the plaintiff's computer, computer software, computer desk and his books. In connection with any of the books that she has disposed of by giving them to the library is ordered that she shall reimburse Mr. Barone for the reasonable value thereof.
Ownership of the Honda and Chevette automobiles is set over to the defendant to be hers absolutely and ownership of the Caprice and Corvette automobiles is set over to the plaintiff to be his absolutely. The various accounts of the parties shall be divided equally between them using the date of this Memorandum of Decision as the evaluation date, said accounts being the CT Page 15399 defendant's Farmers Mechanics CD of approximately $30,000.00, the Merrill Lynch portfolio of the defendant at approximately $128,000.00; IRAs of each of the parties $82,000.00, and Barbara Barone's Farmers Mechanics Bank account totaling $26,000.00 shall be divided equally between the parties, as well as Prudential Life Insurance cash value $82,800.00.
Salvatore Barone shall provide health insurance of the defendant so long as it is available to him through his employment and she shall be accorded all rights to COBRA benefits.
The plaintiff shall pay to the defendant the sum of $1,500.00 per month as alimony which order shall be non modifiable as to amount but modifiable as to term upon a showing by the plaintiff of a substantial change in circumstances including his retirement, the death of either party or the marriage or cohabitation of the defendant. The defendant shall be held harmless and indemnified by the plaintiff from any liability associated with residential mortgages in which she may be an obligor.
The premises at 155 Barbara Road and 12 Longworth Avenue having been previously subjected to transfers, it is ordered that the defendant shall not in any way interfere with the maintenance and control of those premises and/or the receipt of or disposition of any rental income.
The premises at 6971 Spring street, Middletown, Connecticut is awarded to the plaintiff to be his absolutely.
An award of counsel fees is ordinarily made in dissolution actions so that a party is not deprived of rights because of a lack of funds. The court has considered the respective financial abilities of the parties and herein because of other orders entered, the parties are financially able to pay their own counsel fees and expenses. See Koizim v. Koisim, 181 Conn. 492
(1980); Issler v. Issler, 50 Conn. App. 58 (1998).
A decree is entered dissolving the marriage.
It so ordered.
HIGGINS, J. CT Page 15400